696 F.Supp. 1546 (1988)
In re GENERAL MOTORS CLASS E STOCK BUYOUT SECURITIES LITIGATION.
Milledge A. Hart, III
v.
General Motors Corp., et al., S.D. New York.
Docket No. 720. C.A. No. 88-Civ-4378 (TPG).
Judicial Panel on Multidistrict Litigation.
October 7, 1988.
Before ANDREW A. CAFFREY, Chairman, ROBERT H. SCHNACKE, FRED DAUGHERTY, S. HUGH DILLIN, MILTON POLLACK and LOUIS H. POLLAK, Judges of the Panel.

OPINION AND ORDER
PER CURIAM.
Presently before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by plaintiff in the above-captioned action (Hart) to vacate the Panel's order conditionally transferring the action to the District of Delaware for inclusion in the centralized pretrial proceedings occurring there in this docket before the Honorable Murray M. Schwartz. All defendants in Hart support transfer.
On the basis of the papers filed and the hearing held, the Panel finds that Hart involves common questions of fact with actions in this litigation previously transferred to the District of Delaware, and that transfer of Hart to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Hart plaintiff urges that Hart does not share sufficient questions with the MDL-720 actions to warrant transfer. While the legal theories involved in Hart are different from those asserted in the MDL-720 actions, underlying factual allegations remain common and focus on such matters as i) the 1984 merger of Electronic Data Systems Corporation (EDS) and General Motors Corporation (GM); ii) post-merger relations between GM and its EDS unit, and between GM and H. Ross Perot (the founder of EDS); and *1547 iii) the 1986 buyout by GM of the GM stock acquired by Perot in the 1984 merger transaction. The presence of common questions in Hart and the MDL-720 actions is further illustrated by the overlapping injunctive relief sought in both proceedings. Transfer of Hart under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.
In opposing transfer, the Hart plaintiff also argues, inter alia, that transfer of Hart could expose Hart to dismissal because the transferee court would apply the statute of limitations law of the transferee circuit rather than the transferor circuit. When determining whether to transfer an action under Section 1407, however, it is not the business of the Panel to consider what law the transferee court might apply.[1]
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action entitled Milledge A. Hart, III v. General Motors Corp., et al., S.D. New York, C.A. No. 88-Civ-4378 (TPG), be, and the same hereby is, transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Murray M. Schwartz for inclusion in the coordinated or consolidated pretrial proceedings occurring there.
NOTES
[1] Any suggestion to the contrary in dictum found in In re Plumbing Fixtures Litigation, 342 F.Supp. 756, 758 (J.P.M.L. 1972), is withdrawn. Indeed, the dictum in Plumbing Fixtures is itself questionable given that Plumbing Fixtures was a litigation arising under the federal courts' federal question jurisdiction and Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), on which the Panel relied in support of its dictum, was an action arising under the federal courts' diversity jurisdiction.