**In re UNITED MINE WORKERS OF AMERICA EMPLOYEE BENEFIT PLANS LITIGATION.**

Misc. No. 91–386.

United States District Court,
District of Columbia,
Civil Division.

June 7, 1994.

Julia Penny Clark, Bredhoff & Kaiser, Washington, DC.

Dannie B. Fogelman, Coleman, Coxon, Penello, Fogelman & Cowan, P.C., Washington, DC.

## MEMORANDUM OPINION

THOMAS F. HOGAN, District Judge.

Nineteen defendants[1] in five of the cases, which have been transferred to this Court pursuant to 28 U.S.C. § 1407 for multidistrict proceedings, have filed motions to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or motions for judgment on the pleadings, pursuant to Rule 12(c), on the ground that plaintiffs' claims as alleged are barred by the applicable limitations period. The issue presently before the Court is whether the transferor fora statutes of limitations periods, the District of Columbia's three-year statute of limitations period or an analogous federal limitations period apply to these multidistrict litigation cases.[2]

## I. *Standard of Review*

■ The Court may dismiss a complaint under Fed.R.Civ.P. 12(b)(6) only when it appears beyond doubt that the plaintiff can prove "no set of facts in support of his claims that would entitle him to relief in this court." *Doe v. United States Dep't of Justice,* 753 F.2d 1092, 1102 (D.C.Cir.1985). In its review, the Court must construe the complaint in the light most favorable to plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *Johnson v. Computer Technology Servs., Inc.,* 670 F.Supp. 1036, 1038 (D.D.C.1987).

■ The legal standard that applies to a motion for judgment on the pleadings is essentially the same as that applied to a motion to dismiss. "Rule 12(c) requires that the movant show, at the close of the pleadings, that no material issue of fact remains to be solved, and that he or she is clearly entitled to judgment as a matter of law." *Haynesworth v. Miller,* 820 F.2d 1245, 1249 (D.D.C. 1987). "Judgment on the pleadings ... is appropriate upon a showing that [the plaintiff] cannot prevail even if all the allegations in his Complaint are taken as true." *Rafeedie v. Immigration and Naturalization Service,* 795 F.Supp. 13, 18 (D.D.C.1992).

## II. *Discussion*

■ Plaintiffs bring their claims under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and § 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145. Neither statute contains an express limitations period. In such circumstances, federal courts generally apply the most analogous state statute of limitations, although "the choice of limitations period for a federal cause of action is itself a question of federal law." *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 159 n. 13, 103 S.Ct.

---

**1.** These defendants are MC Mining, Inc., Dorton Coal Co., and V & M Mining Co. in *UMWA, et al. v. Dorton Coal, et al.,* No. 93–2447; Oglebay Norton Co., Bluestone Coal Corp., LoMing Coal Corp., Inc., Vica Coal, A.M. Trucking, and Perry & Hylton in *UMWA, et al. v. A.M. Trucking, et al.,* No. 93–2448; Doss Fork Coal Co., Inc., San West Coal Co., Inc., Patty Chandler Trucking, Inc., McKinney Trucking Co. Inc., Right Fork Coal Co., Inc., and Stoney Fields Trucking, Inc., in *UMWA, et al. v. Big Star Coal Co., et al.,* No. 93–1746; West Ken Coal Corp. in *UMWA, et al. v. West Ken Coal, et al.,* No. 93–1818; Utah Power & Light and Energy West Co. in *UMWA v. Energy West Mining, et al.,* No. 93–2498.

**2.** Some of the defendants also argue that plaintiffs did not file these actions in a timely manner even under the limitations periods of the transferor fora. This Court's Order of March 15, 1994 puts this issue on hold pending resolution of the issue presently before the Court.

Defendant Perry & Hylton further argue that the D.C. limitations period should apply to its action because it filed a declaratory judgment action in the District of Columbia before the Funds properly achieved service in the evergreen suit they filed in the Southern District of West Virginia. The Court will not consider which limitations period governs the Perry & Hylton case until it resolves plaintiffs' pending motion to dismiss Perry and Hylton's declaratory judgment action.

2281, 2287 n. 13, 76 L.Ed.2d 476 (1983). In ERISA delinquency actions such as these, the state statute of limitations selected is typically the limitations period for contract claims.[3]

Plaintiffs filed the above cases in the federal district courts of Kentucky (*West Ken, Dorton Coal*), Virginia (*Big Star*), West Virginia (*A.M. Trucking*), and Utah (*Energy West*). The Judicial Panel on Multidistrict Litigation transferred these cases to the District of Columbia pursuant to 28 U.S.C. § 1407.[4] The applicable limitations periods for breach of contract actions in Kentucky, Virginia, West Virginia, and Utah are 15, 5, 10 and 6 years, respectively. The limitations period for breach of contract actions in the District of Columbia is three years.

In their various motions, defendants argue that the Court should apply the District of Columbia's three-year limitations period to the above cases because in § 1407 transfer cases, the transferee forum's statute of limitations should control. Defendants further argue that the choice of law provision contained in the applicable trust documents requires the Court to apply the District of Columbia's limitations period.

Plaintiffs contend that the Court should apply the limitations periods of the transferor fora because the § 1407 transfer orders should have no effect on the applicable limitations period. Alternatively, plaintiffs argue that should the Court decide to apply a uniform limitations period to these multidistrict

cases, it should apply the analogous six-year limitations period contained in § 4301(f) of ERISA. 29 U.S.C. § 1451(f).

### A. Does the transferor or transferee forum's limitations period apply to a multidistrict litigation case transferred pursuant to § 1407?

The Court of Appeals for the District of Columbia has not addressed whether a transfer order affects the applicable statute of limitations period. Two circuits, the Seventh and the Second, have addressed this issue and have reached conflicting conclusions. *See Eckstein v. Balcor Film Investors*, 8 F.3d 1121, 1126–27 (7th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 883, 127 L.Ed.2d 78 (1994); *Menowitz v. Brown*, 991 F.2d 36, 40–41 (2d Cir.1993), *aff'g, In re General Development Corp. Bond Litigation*, 800 F.Supp. 1143 (S.D.N.Y.1992).

Most recently, in *Eckstein v. Balcor Film Investors*, the Seventh Circuit considered whether to apply the transferee or transferor circuit's statute of limitations period to a Securities and Exchange Act claim which had been transferred to a federal district court in Wisconsin for consolidated pretrial proceedings pursuant to 28 U.S.C. § 1404(a).[5] Section 27A of the Securities and Exchange Act provided that "[t]he limitation period ... shall be the limitation period provided by the laws applicable in the jurisdiction, including principles of retroactivity, as such laws existed on June 19, 1991."[6] The Seventh Circuit

---

**3.** *See* Annotation, *Limitation of Actions Applicable to Action by Trustees of Employee Benefit Plan to Enforce Delinquent Employer Contributions under ERISA,* 90 A.L.R.Fed. 374 (1988 & 1993 Supp.) (in actions arising under § 515 of ERISA, virtually every federal court of appeals has applied the state-law limitations period to breach of contract claims). *See also Connors v. Hallmark & Son Coal Co.,* 935 F.2d 336, 341 (D.C.Cir. 1991) (parties in ERISA action agreeing that D.C.Code § 12–301(7) providing for three year limitations period was applicable statute).

**4.** Section 1407 authorizes the transfer of actions "involving one or more common questions of fact" for "coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407.

**5.** Section 1404(a) authorizes the transfer of actions "for the convenience of the parties and

witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

**6.** Congress had enacted this amendment to protect claimants who had relied upon an earlier statute of limitations that the Supreme Court rejected in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991). Prior to the Supreme Court's ruling in *Lampf* and Congress' subsequent amendment, there was a "crazy quilt" of statute of limitations applicable to § 10(b) actions. Some federal courts borrowed a state limitations period while others borrowed a federal limitations period. Those circuits which borrowed state limitations periods looked to the law of the state in which the action was commenced and generally borrowed the limitations period applicable to the state cause of action that substantively most resembled the federal § 10(b) ac-

interpreted § 27A's instruction to use the "laws applicable in the jurisdiction" on June 19, 1991, as requiring courts to apply federal law (i.e., the appropriate statute of limitations) as the different circuits understood it at a point in the past, rather than directing the courts to make their own independent judgments. *Id.* at 1127. Thus, the Seventh Circuit approached the limitations question from the perspective of the transferor court, the Ninth Circuit, and applied California's three-year statute of limitations for fraud. *Id.* Writing for the Seventh Circuit, Judge Easterbrook stated:

> [w]hen the law of the United States is geographically non-uniform, a transferee court should use the rule of the transferor forum in order to implement the central conclusion of *Van Dusen* and *Ferens:* that a transfer under § 1404(a) accomplishes 'but a change of courtrooms.' *Van Dusen,* 376 U.S. at 639, 84 S.Ct. at 820.

8 F.3d at 1127.

*Van Dusen* and *Ferens* are cases in which the Supreme Court held that a federal district court must apply the law of a transferor forum following a § 1404(a) transfer, *see Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), even if the plaintiff initiates the transfer, *see Ferens v. John Deere Co.,* 494 U.S. 516, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990). In *Eckstein,* Judge Easterbrook recognized that *Van Dusen* and *Ferens* arose under the federal courts' diversity jurisdiction. 8 F.3d at 1127. Nonetheless, he found it appropriate to apply *Van Dusen* and *Ferens* "whenever different federal courts use different federal rules." *Id.*[7] He stated:

> [a]lthough both of those cases arose under the diversity jurisdiction, their references to *Erie v. Tompkins,* 304 U.S. 64, [58 S.Ct. 817, 82 L.Ed. 1188] (1938), do not imply a ruling limited to state law. *Erie* is itself

part of national law, interpreting the Rules of Decision Act, 28 U.S.C. § 1652.

*Id.* Because the court interpreted § 27A's reference to "the jurisdiction" as implying a *non-*uniform federal law, it concluded that the law of the transferor forum governed.

The Second Circuit reached a contrary conclusion in an earlier Securities and Exchange Act case, *Menowitz v. Brown,* 991 F.2d 36, 40–41 (2d Cir.1993). Addressing the same issue, the Second Circuit held that when determining "the jurisdiction" under § 27A of the Securities and Exchange Act of 1934, a transferee court should apply the statute of limitations of its circuit and ignore the law of the transferor court. 991 F.2d at 40. The court reasoned that the rule of *Van Dusen* does not apply when a case is transferred under § 1407 to a federal court that has a different construction of relevant federal law than the federal court in which the action was filed. *Id.* The court continued, "[a]pplying *Van Dusen* by analogy to issues of federal law also runs contrary to the principle that, until the Supreme Court speaks, the federal circuit courts are under duties to arrive at their own determinations of the merits of federal questions presented to them." *Id.* In reaching this conclusion, the Second Circuit relied principally on this Circuit's decision in *In re Korean Air Lines Disaster,* 829 F.2d 1171 (D.C.Cir.1987), *aff'd on other grounds, Chan v. Korean Air Lines,* 490 U.S. 122, 109 S.Ct. 1676, 104 L.Ed.2d 113 (1989).

In *In re Korean Air Lines Disaster,* the District of Columbia Circuit Court of Appeals considered whether the *Van Dusen* rule applied to federal claims transferred under § 1407. At the district court level, Chief Judge Robinson had denied the plaintiffs' motion for partial summary judgment and had held that the defendant, Korean Air Lines ("KAL"), could avail itself of the $75,000 per passenger damage limitation imposed

---

tion. Similarly, those circuits which applied a federal limitations period borrowed the limitations period from the federal cause of action most analogous to the § 10(b) action, specifically, the limitations period expressly provided in the Securities Act of 1933 and the Securities Exchange Act of 1934 for other causes of action created by those acts.

**7.** Judge Easterbrook noted two types of cases in which federal courts routinely apply different rules: (1) 42 U.S.C. § 1988 directs federal courts to use state law as a basis of a federal period of limitations; (2) the law of federal contracts is largely borrowed from state law. 8 F.3d at 1127.

by the Warsaw Convention/Montreal Agreement, despite the fact that KAL's tickets were defective. *In re Korean Air Disaster,* 664 F.Supp. 1463 (D.D.C.1985). In so ruling, Chief Judge Robinson had considered and rejected contrary precedent from the Second Circuit, the circuit from which the case had been transferred. On appeal, the Circuit affirmed Chief Judge Robinson's "independent interpretation" of the Warsaw Convention/Montreal Agreement. Now Justice Ruth Bader Ginsburg stated, " 'the transferee court [should] be free to decide a federal claim in the manner it views as correct without deferring to the interpretation of the transferor circuit.' " 829 F.2d at 1174 (quoting Marcus, *Conflict Among Circuits and Transfers Within the Federal Judicial System,* 93 Yale L.J. 677, 721 (1984)). The fundamental rationale behind the Circuit's holding was that "federal courts have not only the power but the duty to engage independently in reasoned analysis." *Id.* at 1175 (quoting Marcus, 93 Yale L.J. at 702).

Other lower courts have applied the reasoning of *In re Korean Air Lines Disaster* to cases transferred under 28 U.S.C. § 1407. Most of these cases have involved § 10(b) claims brought under the Securities Exchange Act and consolidated for pretrial proceedings by the Judicial Panel on Multidistrict Litigation. For example, in *In re Taxable Municipal Bond Securities Litigation,* 796 F.Supp. 954, 964 (E.D.La.1992), the district court faced the same issue the Seventh and Second Circuits considered in *Eckstein* and *Menowitz.* Citing *In re Korean Air Lines,* the court applied the statute of limitations of the transferee forum. Similarly, in *Wegbreit v. Malley Orchards Corps.,* 793 F.Supp. 965, 969 (E.D.Wash.1992), the district court relied on *In re Korean Air Lines* and applied the law of the transferee forum. In *In re Integrated Resources Real Estate Limited Partnership Securities Litigation,* 815 F.Supp. 620, 635–37 (S.D.N.Y.1993), the district court did likewise and noted two justifications for applying the law of the transferee court: first, statutes of limitations are either federal or procedural in nature; second, a federal court does need not defer to another circuit's interpretation of federal law

if it conflicts with the court's own interpretation. *Id.* at 636. The court stated:

> [i]n the MDL context, the statute of limitations may not be a matter of state law at all, and as such, the limitation period should be decided by a federal transferee court in accordance with its own interpretation of federal law 'without deference to any contrary interpretation of a transferor circuit.'

*Id.* (quoting *In re General Development Corp. Bond Litigation,* 800 F.Supp. 1143, 1146 (S.D.N.Y.1992), where the court held that limitations question is one of federal law and transferee court not required to consider limitations law of transferor state). In *In re Pan American Corp.,* 950 F.2d 839, 844–48 (2d Cir.1991), and *In re Air Disaster,* 819 F.Supp. 1352, 1369–71 (E.D.Mich.1993), the district courts followed *In re Korean Air Lines Disaster* and "engaged independently in reasoned analysis" to decide preemption issues and did not defer to the transferor circuits' interpretations.

Defendants cite a decision by the Judicial Panel on Multidistrict Litigation to further support their argument that the three-year limitations period for the District of Columbia, the transferee forum, should govern these claims. Although the Panel has not yet decided the precise issue before the Court, it has confronted the issue. In *In re General Motors Class E Stock Buyout Securities Litigation,* 696 F.Supp. 1546, 1547 (J.P.M.L.1988), a plaintiff who had been conditionally transferred to another district for multidistrict proceedings argued unsuccessfully to the Panel that a transfer could expose its case to dismissal because the transferee court would apply the statute of limitations law of the transferee circuit rather than the transferor circuit. Rejecting the argument, the Panel stated, "[w]hen determining whether to transfer an action under Section 1407, . . . it is not the business of the Panel to consider what law the transferee court might apply." 696 F.Supp. at 1547. In a footnote, the Panel continued:

> Any suggestion to the contrary in dictum found in *In re Plumbing Fixtures Litigation,* 342 F.Supp. 756, 758 (J.P.M.L.1972), is withdrawn. Indeed, the dictum in

*Plumbing Fixtures* is itself questionable given that *Plumbing Fixtures* was a litigation arising under the federal courts' federal question jurisdiction and *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), on which the Panel relied in support of its dictum, was an action arising under the federal courts' diversity jurisdiction.

*Id.* n. 1. Previously, in *Plumbing Fixtures,* the Panel had stated, "[i]t is clear that the substantive law of the transferor forum will apply after transfer." 342 F.Supp. at 758.

 Like the Judicial Panel on Multidistrict Litigation, the Court accepts the basic *Korean Air Lines* principle that a transferee court should normally use its own best judgment about the meaning of federal law when evaluating a federal claim. *See In re Korean Air Lines,* 829 F.2d at 1174. However, the Court expressly rejects the view espoused by the Judicial Panel on Multidistrict Litigation, the Second Circuit in *Menowitz* and various other lower courts that *Van Dusen* and *Ferens* principles apply only in diversity cases. *See Menowitz v. Brown,* 991 F.2d at 40–41; *see also In re General Motors Class E Stock Buyout Securities Litigation,* 696 F.Supp. at 1547. Although both *Van Dusen* and *Ferens* arose under the courts' diversity jurisdiction, like Judge Easterbrook, this Court does not believe their references to *Erie* imply a ruling limited to state law.[8] *See Eckstein,* 8

F.3d at 1127. *Erie* held that the Rules of Decision Act was a federal statute directing the application of state law. Similarly, this Court interprets the LMRA and ERISA as federal statutes directing the application of geographically non-uniform limitations periods. Therefore, adopting the *Eckstein* analysis, the Court holds that the governing statute of limitations periods are those of the transferor fora.

The Court recognizes that *Eckstein* was transferred from California to Wisconsin pursuant to 28 U.S.C. § 1404(a), while the cases before this Court were transferred pursuant to 28 U.S.C. § 1407. This distinction, however, does not alter this Court's holding. *See In re Korean Air Lines Disaster,* 829 F.2d at 1173–76 (assuming same choice of law rules apply to cases transferred under § 1407 and cases transferred under § 1404(a)). The conflicting holdings of the Seventh Circuit in *Eckstein* and the Second Circuit in *Menowitz* are not based on the different statutory transfer provisions. Rather, the conflicting holdings stem from the circuits' fundamental disagreement over whether it is appropriate to apply *Van Dusen–Ferens* principles to cases arising under the courts' federal question jurisdiction. Although the *Eckstein* court did not consider the various policies behind § 1407 transfers, this Court does not believe the efficiency and uniformity con-

---

8. As plaintiffs have argued, the Supreme Court's lengthy discussion of *H.L. Green, Inc. v. MacMahon,* 312 F.2d 650 (2d Cir.1962), a federal question case, in *Van Dusen* suggests that the Court did not intend to confine its holding to diversity cases. *See Van Dusen,* 376 U.S. at 630 n. 26, 632–33, 84 S.Ct. at 816 n. 26, 817. In *H.L. Green,* the Second Circuit rejected the plaintiff's argument that the district court's decision to transfer the Securities and Exchange Act case from the Southern District of New York to the Southern District of Alabama, pursuant to 28 U.S.C. § 1404(a), would unfairly prejudice him because the Alabama statute of limitations would be unfavorable and Alabama law would be unfavorable to the common law claim the plaintiff had moved to join with the statutory claim. In rejecting the argument, the Second Circuit stated that the Alabama transferee court "will apply New York law (including any relevant New York choice of law rules)." 312 F.2d at 654.

The Court is aware of the tension between its holding and some of the language in the *In re Korean Air Lines* decision. *See In re Korean Air Lines,* 829 F.2d at 1174 n. 5 ("[t]he Supreme Court, however, in explicit and repeated qualifications, confined its *Van Dusen* opinion to questions of state law"); *id.* at 1174 ("the *Erie* policies served by the *Van Dusen* decision do not figure in the calculus when the law to be applied is federal, not state"); *id.* at 1177 (D.H. Ginsberg, J., concurring) ("the *Erie* policies underlying *Van Dusen* do not extend beyond the state law context of that case"); *id.* at 1178 ("the [section 1407] transfer scheme contemplates that a transferee court will adjudicate transferred cases no differently than cases originally filed before it"). However, having reviewed the recent case law, and the *Eckstein* decision in particular, the Court is satisfied that until higher authorities indicate otherwise, this Court's holding is consistent with this Circuit's ruling in *In re*

cerns underlying § 1407 transfers mandate application of this forum's limitations period.[9]

The federal issue before this Court is distinguishable from the issue this Circuit considered in *In re Korean Air Lines Disaster* in two primary respects. First, although the applicable limitations period is an issue of federal law, *see DelCostello,* 462 U.S. at 159 n. 13, 103 S.Ct. at 2287 n. 13, it is not an issue of federal law that gives rise to an inter-circuit conflict the Supreme Court will eventually resolve. *See In re Korean Air Lines Disaster,* 829 F.2d at 1176 (quoting Chief Judge Robinson at 664 F.Supp. at 1489, " '[i]f ... more than one interpretation of federal law exists, the Supreme Court of the United States can finally determine the issue and restore uniformity in the federal system.' ") The "discrepancy" in the federal law is inherent in the varying state statutes of limitations.[10] This Circuit acknowledged this distinction in *In re Korean Air Lines.* Justice Ruth Bader Ginsburg stated in *In re Korean Air Lines:*

> [o]ur system contemplates differences between different states' laws; thus a multi-district judge asked to apply divergent state positions on a point of law would face a coherent, if sometimes difficult, task. But it is logically inconsistent to require one judge to apply simultaneously different and conflicting interpretations of what is supposed to be a unitary federal law.

829 F.2d at 1175. Similarly, while noting the difficulty a federal transferee court would experience in attempting to decide issues involving federal law in accordance with the law of another federal circuit (as opposed to applying different states' laws under *Van Dusen* and *Erie* ), Judge D.H. Ginsburg stated in his concurring opinion, "[w]hen we turn to questions involving federal law, the transferee judge's task becomes much more difficult, because here the court deals with a

single federal law that can ultimately have only one proper interpretation." *In re Korean Air Lines Disaster,* 829 F.2d at 1183 (D.H. Ginsburg, J., Williams, J., concurring). In contrast to the situation in *In re Korean Air Lines,* a decision by this Court to apply the law of the transferor fora to decide the limitations issue will not require the Court to "engage in pure guesswork in order to apply another circuit's precedents," "predict how an undecided transferor circuit will eventually decide the kind of close issue over which circuits tend to split," or "attempt[ ] to determine whether litigants accurately describe differences in other circuits' interpretations of federal law." *Id.* at 1183–84. Such a ruling will simply require the Court to apply the various state limitations periods under *Van Dusen* and *Erie.*

Second, unlike the situation in *In re Korean Air Lines,* where different rulings on the federal issue (whether the Warsaw Convention's maximum no-fault liability of $75,000 per passenger was a bar to full compensatory damages) would have bifurcated the pending cases into two groups with diverging litigation paths, applying different limitations periods to the cases before this Court will not result in different case tracks. Once the Court makes its threshold determinations as to whether plaintiffs have filed their actions in a timely manner under the statutes of limitations of the transferor fora, the Court will apply the substantive law of the District of Columbia law to resolve the remaining issues.

Defendants have directed the Court's attention to a fairly recent American Law Institute ("ALI") publication, *Complex Litigation Project* (Proposed Final Draft April 5, 1993) ("Draft").[11] In their reply brief, defendants cite section 6.08 of the Draft which recommends having federal courts handling

---

*Korean Air Lines. See* discussion *infra* at 920–921.

**9.** Nor does the Court believe that efficiency and uniformity considerations mandate application of an analogous federal limitations period, as plaintiffs have argued in the alternative.

**10.** As noted above, in § 515 ERISA cases, federal courts consistently apply the statute of limitations period for breach of contract actions in the state in which the federal court sits.

**11.** Plaintiffs note in their supplemental memorandum that unlike most other ALI publications which describe prevailing law, this ALI Draft Report recommends radical changes in both the substantive law and the procedures that courts would apply to cases transferred under 28 U.S.C. § 1407. Moreover, as of the date of its publication, the draft had not been considered by the members of the ALI and did not represent the position of the Institute on any of the issues addressed therein.

multidistrict litigation cases apply the law of their own circuits when "there is a conflict between the circuits on an interpretation of the relevant federal laws." Draft at 530. The Draft states, "the transferee court shall not be bound by the federal law as interpreted in the circuits in which the actions were filed, but may determine for itself the federal law to be applied to the federal claims and defenses in the litigation." *Id.* This section of the ALI Draft addressing "Intercircuit Conflicts" does not confront the precise issue before this Court.

Plaintiffs have pointed out another section of the Draft that addresses state-created claims and discusses the choice of law for limitations. In this section, the ALI proposes legislation that would direct the courts to apply the limitations period of the transferor fora. One of the reasons behind the recommendation is that "it would be particularly inappropriate for the transferee court to bar an action that is viable under the law of another jurisdiction or to allow it to go forward when it would have been barred elsewhere simply because the suit would have been barred or permitted by local law in the transferee court." Draft at 472. The ALI continues:

> the transferee court must select the governing statute of limitations law so as to protect the rights of the parties gathered there neither by choice nor pursuant to the court's traditional jurisdiction reach but as a result of the complex litigation statute. If a designated court were to bar or allow the consolidated action purely as a matter of local limitations law, it would impede the Complex Litigation Panel's selection of a convenient forum.

Draft at 472.[12] Although this section also fails to address the issue before the Court, the Court agrees with plaintiffs that the rationale behind the ALI recommendation applies here.

The Court considers the ALI's recommendations to be consistent with *In re Korean*

*Air Lines* decision and this Court's holding. As noted above, the difference in limitations periods is not due to different interpretations of federal law; rather, it is inherent in the varying state statutes of limitations. As long as Congress continues to instruct federal courts implicitly to apply state-law limitations periods, the federal law will remain geographically non-uniform.

While the Court recognizes that applying the law of the transferor fora may well mean that even though plaintiffs assert essentially the same claims against this common group of defendants, some of plaintiffs' claims may be time barred and others will not, based solely on where plaintiffs elected to file suit. However, as the ALI suggested in its *Complex Litigation Project*, it seems inherently unfair to deprive a plaintiff who properly files an action in a jurisdiction with personal jurisdiction and venue of its cause of action simply because the case is consolidated with a multidistrict litigation taking place in another jurisdiction. Clearly, plaintiffs advantageously filed these actions in jurisdictions which have limitations periods longer than the three-year limitations period of this transferee forum. However, given that these jurisdictions are ones in which defendants are incorporated and/or conduct their operations, defendants cannot contend that this Court's ruling unfairly and unexpectedly subjects them to the laws of remote jurisdictions.

The Court also recognizes that applying the limitations periods of the transferor fora will sacrifice some degree of uniformity as well as efficiency; the Court will have to apply at least six different statutes of limitations to determine whether plaintiffs filed their actions in a timely manner and whether the actions survive under the various statutes' borrowing provisions. For this reason, it is with reluctance that the Court holds that the transferor fora's statutes of limitations

12. Appendix C of the ALI Draft contains a copy of the Uniform Transfer of Litigation Act. Section 209 of that Act is consistent with the ALI's recommendation. It provides: "[i]f the transferring court had jurisdiction over the subject matter and the parties, the receiving court may not dismiss because of a state statute of limitations claim that would not be dismissed on that ground by the transferring court."

periods apply to these multidistrict cases, particularly when the Court considers the potential effect such a ruling may have on future multidistrict litigations.[13]

### B. Does the choice of law provision in the trust documents govern the limitations period?

■ The Court rejects defendants' argument that the District of Columbia choice of law provision contained in the 1974 and 1950 UMWA Benefit Trusts mandates that this Court apply the District of Columbia's three year limitations period. To support their argument, defendants rely heavily on *Wang Laboratories v. Kagan,* 990 F.2d 1126 (9th Cir.1993). The *Wang* decision conflicts with two other circuits' holdings. *See Central States & Southwest Areas Pension Fund v. Kraftco,* 799 F.2d 1098, 1105 n. 5 (6th Cir. 1986) (en banc), *cert. denied,* 479 U.S. 1086, 107 S.Ct. 1291, 94 L.Ed.2d 147 (1987); *Robbins v. Iowa Road Builders Co.,* 828 F.2d 1348, 1352–53 (8th Cir.1987). Moreover, the trust documents at issue in *Wang* are clearly distinguishable from those at issue here. In *Wang,* the trust agreement stated that the rights and obligations of the parties were to be "governed by the law of Massachusetts, and all questions pertaining to the validity and construction of such rights and obligations shall be determined in accordance with such law." In contrast, the trust documents at issue in this case provide that the Funds "shall be construed, regulated and administered in accordance with Federal law, and, to the extent not preempted or inconsistent with such Federal law, the laws of the District of Columbia." Because the Court has already concluded that *federal* law mandates the application of the transferor fora's statutes of limitations, the Court declines to consider the effect of the trust documents' secondary reference to District of Columbia law.

### C. If a uniform rule of federal law governs the limitations period in these multidistrict litigation cases, should the Court adopt an analogous federal limitations period?

Plaintiffs argue that if the Court decides that a uniform rule of federal law should govern the statute of limitations in § 515 actions, the Court should adopt the most analogous *federal* limitations period—the six-year period provided by ERISA § 4301(f), 29 U.S.C. § 1451(f).[14] Citing *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), defendants contend that borrowing a forum state's limitations period for a breach of contract claim would be no less "uniform" than applying the appropriate state personal injury statute to a civil rights claim. Given the Court's holding, the Court finds it unnecessary to address plaintiffs' alternative argument.

### III. *Conclusion*

Having considered the arguments and authorities cited in the parties' briefs and during the hearing held on April 8, 1994, the Court denies defendants' motions in part. For the reasons stated in this Memorandum Opinion, the Court holds that plaintiffs' claims against the above defendants are governed by the respective statutes of limitations supplied by the transferor jurisdictions in which the cases were filed. The Court will arrange a briefing schedule to resolve the remaining issues relating to defendants' motions to dismiss and motions for judgment on the pleadings at the next multidistrict litigation hearing.

SO ORDERED.

---

**13.** Under this holding, a future multidistrict court could be faced with the unenviable task of applying fifty different statutes of limitations. Perhaps this Court's decision will prompt the appropriate body, legislative or judicial, to take a closer look at this issue.

**14.** Section 1451(f) applies to the collection of withdrawal liability payments that employers owe to multiemployer plans.