**Robert E. HARTLINE,
et al., Plaintiffs,**

v.

**SHEET METAL WORKERS' NA-
TIONAL PENSION FUND,
et al., Defendants.**

**No. CIV.A. 98–1274(RMU).**

United States District Court,
District of Columbia.

May 4, 1999.

George Michael Chuzi, Kalijarvi, Chuzi & Newman, P.C., Washington, DC, David S. Preminger, Rosen, Szegda, Preminger & Bloom, New York City, for plaintiffs.

Steuart Hill Thomsen, Nicholas Theodore Christakos, Sutherland, Asbill & Brennan, L.L.P., Washington, DC, David R. Levin, Kilpatrick Stockton, LLP, Washington, DC, Mark Harold Rifkind, I, Slevin & Hat, P.C., Washington, DC, Franklin. K. Moss, Spivak, Lipton, Watanabe Spivak & Moss, New York City, for Sheet Metal Workers' Nat. Pension Fund, defendant.

Steuart Hill Thomsen, Nicholas Theodore Christakos, Anthony J. Costantini, Sutherland, Asbill & Brennan, L.L.P., Washington, DC, for Board of Trustees of Sheet Metal Workers' Nat. Pension Fund, defendant.

Steuart Hill Thomsen, Nicholas Theodore Christakos, Anthony J. Costantini, Sutherland, Asbill & Brennan, L.L.P., Washington, DC, Mark Harold Rifkind, I, Slevin & Hat, P.C., Washington, DC, for Arthur Moore, Matthew B. Hernandez, Clinton Gowen, Bruce Stockwell, Alan J. Chermak, Ronald Palmerick, defendants.

Steuart Hill Thomsen, Sutherland, Asbill & Brennan, L.L.P., Washington, DC, for Robert J. Fanning, Cavet Snyder, Ronald Simpson, defendants.

Marc Harold Rifkind, I, Slevin & Hart, P.C., Washington, DC, for Sheet Metal Workers Intern. Ass'n, defendant.

*MEMORANDUM OPINION*

URBINA, District Judge.

**Denying the Plaintiffs' Motion for an Order Concerning Choice of Law**

**Granting the Defendants' Motion for an Order Concerning Choice of Law**

### I. INTRODUCTION

This matter comes before the court upon the plaintiffs'[1] opposed motion for an order concerning choice of law and upon a similar motion filed by the defendants.[2] The plaintiffs bring this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461 (ERISA). The present action was transferred from the Eastern District of New York pursuant to 28 U.S.C. section 1404(a) upon the request of the defendants. Currently before the court is the plaintiffs' motion for an order declaring that the substantive law of the United States Court of Appeals for the Second Circuit be considered as binding precedent by this court when it addresses the merits of this action. The defendants oppose the plaintiffs' motion arguing that this court must engage in an independent analysis of the plaintiffs' claims, using only the decisions of the District of Columbia Circuit and the Supreme Court as binding law. Upon consideration of the parties' submissions and the relevant law, the court will deny the plaintiffs' motion and grant the defendants' motion. This court will therefore engage in an independent analysis of the plaintiffs' claims using as binding precedent the decisions of the Court of Appeals of the District of Columbia Circuit and the Supreme Court only.

### II. BACKGROUND

Plaintiffs filed this suit as a class action in the United States District Court for the Eastern District of New York on February 27, 1997. Jurisdiction was founded upon federal question jurisdiction and the parties do not dispute that venue was proper. Subsequent to the filing of this suit in the Eastern District of New York, the defendants moved for a change of venue pursuant to 28 U.S.C. section 1404(a).

By Order dated May 8, 1998, the Honorable Edward R. Korman of the United States District Court for the Eastern District of New York ordered that this action be transferred to the United States District Court for the District of Columbia. Thereafter, this court granted the parties leave to file motions addressing the issue of which law applies following a change of venue pursuant to 28 U.S.C. section 1404(a), the law of the transferee circuit or the law of the transferor circuit.

### III. DISCUSSION

Section 1404(a) states, in pertinent part, that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The plaintiffs contend that when a case is transferred pursuant to section 1404(a) the law of the transferor circuit must be applied by the court in the transferee circuit when it addresses the

---

**1.** The plaintiffs in this action, Robert E. Hartline, Eugene Hintz, Ronald W. McCarthy, Joseph Valdastri, Euri Williams, and others similarly situated, are persons who claim that the defendants have refused to pay them pension benefits as required by the Pension Fund.

**2.** The defendants in this suit are the Sheet Metal Workers' National Pension Fund, the Board of Trustees of the Sheet Metal Workers' National Pension Fund and other unnamed persons alleged to have been directly responsible for the administration and operation of the Pension Fund.

underlying merits of the case. They argue that a change in law brought about by a section 1404(a) change in venue would deny plaintiffs their legal advantage in choosing to file in the forum of their choice and thus would not be in the interests of justice. The defendants counter by arguing that, subsequent to a section 1404(a) transfer of venue, the transferee court must engage in an independent analysis of the plaintiffs' claims using only the decisions of its own circuit and those of the Supreme Court as binding authority.

■ Only one District of Columbia Circuit decision addresses the choice of law issue in cases where subject matter jurisdiction is based on federal question. *See In re Korean Air Lines Disaster of Sept. 1, 1983,* 829 F.2d 1171 (D.C.Cir.1987). The question before the court in *Korean Air Lines* was whether the rule set out in *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), that the law of the transferor forum attends the transfer when jurisdiction is based on diversity, should apply to cases based on federal question jurisdiction that are similarly transferred. *See id.* at 1173–1174 (discussing the ruling in *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). The court in *Korean Air Lines* distinguished the *Van Dusen* holding on the basis of the type of claim that was brought in *Van Dusen. Van Dusen* was a diversity action involving state law issues whereas the *Korean Air Lines* court noted that the claims encompassed in that action were brought under federal question jurisdiction. *See Korean Air Lines,* 829 F.2d at 1176. The court in *Korean Air Lines* explained that in a diversity action a court must look at differing state laws. *See id.* at 1175. These state laws are in substance different whereas in cases brought under federal law the law is uniform across the nation but is subject only to the differing

interpretations of the nation's circuit courts. *See id.* As the court stated, "the federal courts comprise a single system in which each tribunal endeavors to apply a single body of law." *Id.*

Because of this distinction between federal and state law, the court determined that transferee courts, when deciding transferred issues of federal law, must use the decisions of their own circuit as binding precedent rather than attempting to mimic the transferor circuit's interpretation of the very same federal law. *See id.* Thus, the court wrote that "[w]here federal claims are transferred ... the principle that the transferee federal court is competent to decide federal issues correctly indicates that the transferee's interpretation should apply." *Id.* The court also agreed with the proposition that a federal court would not be "doing its job" if it simply accepted the interpretation of another circuit court without independently addressing the merits and interpreting the federal law itself. *See id.* Finally, the court noted that the Supreme Court has repeatedly limited the *Van Dusen* ruling to questions of state law. *See id.* at 1174, n. 5. Thus, the rule that the transferor forum's law applies after a section 1404(a) transfer would not apply in the present case because the plaintiffs' claims are founded solely upon federal law.

Unlike the present case where the transfer of the plaintiffs' claims was made pursuant to 28 U.S.C. section 1404(a), *Korean Air Lines* involved a change of venue pursuant to 28 U.S.C. section 1407. However, this difference is not significant. Section 1407 is a change of venue statute that is invoked to consolidate multi-district litigation for the resolution of pretrial issues and "for the convenience of the parties and witness...." 28 U.S.C. § 1407(a). The court's reasoning in *Korean Air Lines,* however, encompasses the resolution of

federal claims transferred pursuant to section 1404(a) as well as those transferred pursuant to section 1407. *See id.* at 1173–76. Though the two transfer statutes produce different results, in that section 1404 transfers an entire case while section 1407 transfers a case for pretrial matters only, the reasoning behind both statutes is the same. Congress created both measures for judicial efficiency and convenience. The express language of both statutes explains that they are transfers "for the convenience of the parties and witnesses...." 28 U.S.C. §§ 1404(a), 1407(a). The court in *Korean Air Lines* recognized this similarity in the two statutes when it stated that "venue provisions are designed with geographical convenience in mind, and not to 'guarantee that the plaintiff will be able to select the law that will govern the case.'" *Korean Air Lines,* 829 F.2d at 1175 (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257 n. 24, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)).

Moreover, despite the fact that our judicial system allows a plaintiff the original choice of forum and its attendant law, the *Korean Air Lines* court opined that "there is no compelling reason to allow plaintiff to capture the most favorable interpretation of that law simply and solely by virtue of his or her right to choose the place to open the fray." *See id.* If the court were to allow the plaintiff to "capture" the law of the original forum and take that law to whatever forum the case may be transferred to, the convenience and efficiency purposes that section 1404 and section 1407 are meant to serve may indeed be defeated. "[T]he prospect of a trial presided over by a judge expected to simulate different district courts throughout as many as twelve circuits is likely to discourage any court from ordering transfer under section 1404(a)." *See id.* at 1184 n. 27. D.H. Ginsburg, J., concurring.

The plaintiffs' reliance on *In re United Mine Workers of America Employee Benefit Plans Litigation,* 854 F.Supp. 914 (D.D.C.1994), to support their position is misplaced. The court in *United Mine Workers* concluded that the law of the transferor forum controls where a federal statute directs the application of state law. *See* 854 F.Supp. at 919. Applying this reasoning, the court utilized the statute of limitations of the transferor forum but then applied the *substantive* law of the District of Columbia (the transferee court) to resolve the remaining issues in the case before it. *Id.* at 920 (stating that "[o]nce the [c]ourt makes its threshold determinations as to whether plaintiffs have filed their actions in a timely manner under the statutes of limitations of the transferor fora, the [c]ourt will apply the substantive law of the District of Columbia to resolve the remaining issues."). Therefore, like *Korean Air Lines, United Mine Workers* can be read to stand for the proposition that in federal claims cases, the substantive law of the transferee forum will apply.

## IV. CONCLUSION

For the foregoing reasons, the court concludes that it must apply the law of the transferee forum to the present case. Thus, the court denies the plaintiffs' motion and grants defendants' motion regarding choice of law. An Order directing the parties in a fashion consistent with this Memorandum Opinion is separately and contemporaneously issued this 4th day of May, 1999.