64 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ali O. CROWTHER, Petitioner-Appellant,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent-Appellee.
 No. 94-70213.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 14, 1995.*
Decided Aug. 17, 1995.
 
 1
 Before: D.W. NELSON, T.G. NELSON, Circuit Judges, and KING** District Judge.
 
 
 2
 MEMORANDUM***
 
 OVERVIEW
 
 3
 Petitioner Ali O. Crowther appeals the denial by the Board of Immigration Appeals ("BIA") of his motion to reopen the deportation proceeding for suspension of deportation under 8 U.S.C. Sec. 1254(a). Crowther argues that the BIA abused its discretion by (1) failing to articulate reasons for denying his motion to suspend deportation; (2) failing to consider the additional information submitted in support of his motion to reopen; (3) failing to weigh his equities properly; and (4) finding that he manipulated and abused the immigration process. We have jurisdiction under 8 U.S.C. Sec. 1105a(a). Although Crowther's claim that the BIA improperly found that he abused the immigration process is not without merit, we find that the BIA did not abuse its discretion by failing to articulate its reasons for its decision and thus affirm the BIA's denial of his motion to reopen the deportation proceedings.
 
 I. PRELIMINARY ISSUES
 A. Venue
 
 4
 As a preliminary issue, the Immigration and Naturalization Service ("INS") argues that the proper venue for judicial review of this matter is the Tenth Circuit, not the Ninth Circuit. The propriety of venue is a question of law reviewed de novo. United States v. Childs, 5 F.3d 1328, 1331 (9th Cir.1993), cert. denied, 114 S.Ct. 1385 (1994). Venue for judicial review of orders of deportation "shall be in the judicial circuit in which the administrative proceedings before a special inquiry officer were conducted in whole or in part, or in the judicial circuit wherein is the residence ... of the petitioner...." 8 U.S.C. Sec. 1105a(a)(2). Residence is defined as a person's "principle, actual dwelling place in fact, without regard to intent." 8 U.S.C. Sec. 1101(a)(33).
 
 
 5
 Crowther contends that the Ninth Circuit is the proper venue for this proceeding, claiming that his residence is in Albany, California. As evidence, Crowther offers a California driver's license dated April 21, 1994. He also notes that he moved to California to join his spouse and son. These facts indicate that Crowther has a residence within this circuit as defined by 8 U.S.C. Sec. 1105a(a)(2). Cf. Lew v. Moss, 797 F.2d 747, 750 (9th Cir.1986) (holding that a driver's license and location of spouse and family are relevant in satisfying the more stringent requirements of domicile). The fact that Crowther may have lingering business affairs in Denver does not preclude him from establishing residence in other areas. See Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 47 (1989). Because California is Crowther's residence, venue is proper. See 8 U.S.C. Sec. 1101(a)(33).
 
 B. Choice of Law
 
 6
 The INS argues that, even if venue is proper in the Ninth Circuit, this Court should discourage "forum shopping" by applying Tenth Circuit case law. The INS asserts that the Ninth Circuit should show courtesy to a sister court because Crowther's deportation proceeding occurred in the Tenth Circuit. We disagree.
 
 
 7
 In general, a federal circuit applies its own interpretation of federal law, not that of another circuit. See Menowitz v. Brown, 991 F.2d 36, 40 (2d Cir.1993). On review, a court will presume forum shopping and apply a different circuit's law only if the forum-changing party has "no contacts" with the chosen forum. Maldonado-Cruz v. INS, 883 F.2d 788, 791 (9th Cir.1989).
 
 
 8
 Here, the record indicates that Crowther has significant contacts with the Ninth Circuit. Crowther's spouse attended law school in California and upon graduation joined a San Francisco firm. Crowther's son lives with his spouse in Albany, California, and Crowther has now joined his family there. As in Maldonado, these facts substantiate Crowther's contacts with California. See id. Accordingly, we reject the INS's argument and apply Ninth Circuit law.
 
 II. DENIAL OF CROWTHER'S MOTION
 
 9
 On the merits, Crowther argues that the BIA in its decision to deny suspension of deportation failed to articulate the reasons for its denial, failed to consider new information submitted in the motion to reopen, failed to properly weigh his equities, and improperly found that he abused the immigration process.
 
 
 10
 We review a denial of a motion to reopen proceedings for suspension of deportation for an abuse of discretion. INS v. Doherty, 502 U.S. 314, 323 (1992). In deciding whether to grant a suspension of deportation, the BIA only abuses its discretion if it fails to articulate reasons or to "show proper consideration of all factors when weighing equities and denying relief." Hassan v. INS, 927 F.2d 465, 467 (9th Cir.1991) (quoting, Mattis v. INS, 774 F.2d 965, 968 (9th Cir.1985)).
 
 A. Articulation of Reasons
 
 11
 The BIA did not fail to articulate its reasons for denying relief to Crowther. The BIA stated that "[f]or the reasons expressed in our August 26, 1993, [sic] decision denying discretionary relief, we also conclude that the respondent is not deserving of a favorable exercise of discretion on the instant motion to reopen." This statement incorporates the 1993 decision in which the BIA carefully weighed the positive and negative equities in Crowther's case and clearly articulated the reasons for its denial of adjustment of status. The BIA is not required to restate reasons for denial of relief when affirming an opinion of an Immigration Judge that provides the reasoned analysis required by the Immigration and Naturalization Act. Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). As the BIA may incorporate by reference the reasons provided by the immigration judge's opinion, it may incorporate the reasons of its own previous opinion. Because the incorporation of the 1993 decision is proper, it functions as an articulation of the BIA's reasoning in the instant denial of Crowther's motion to reopen. See id. Therefore, we find no abuse of discretion.
 
 B. Consideration of New Information
 
 12
 The BIA's opinion denying Crowther's motion to reopen the proceedings indicates that it adequately considered the additional information offered in support of the motion. Crowther submitted affidavits from himself and his wife predicting the hardship that deportation would impose on their marriage, as well as an affidavit from a psychologist describing Crowther's son's attachment to his father. Because this information reinforced Crowther's post-deportation equities, the BIA substantially discounted the weight of the affidavits to find the affidavits insufficient to merit relief: "As we indicated in our [earlier] decision ... the favorable factors advanced by the respondent are insufficient to overcome the adverse factors of record. None of the additional factors asserted in the instant motion to reopen alter that assessment." See INS v. Abudu, 485 U.S. 94, 105 (1987) (holding that the BIA may "leap ahead" to decide that the movant would not be entitled to a discretionary grant even if it took new information into account).
 
 
 13
 Likewise, Crowther's argument that the BIA failed to consider any changes in the record since its 1988 decision is without merit. The only changes in Crowther's record since the 1988 decision are the length of his stay and the strengthening of his family ties. However, the BIA properly discounted this information by incorporating the reasoning in its earlier decision because the information relates to equities obtained after the initiation of Crowther's deportation proceedings. See Wang v. INS, 622 F.2d 1341, 1346 (9th Cir.1980), rev'd on other grounds, 450 U.S. 139 (1981).
 
 
 14
 Moreover, the BIA did not abuse its discretion in its 1994 decision in finding that "[e]ven assuming that the respondent has established prima facie statutory eligibility for suspension of deportation under section 244(a)(1) of the Act and that his family would suffer extreme hardship if he were deported to Nigeria, he is unworthy of a favorable exercise of discretion on the instant motion to reopen." INS v. Rios-Pineda, 471 U.S. 444, 449 (1984). Accordingly, we hold that the BIA did not abuse its discretion by failing to articulate its reasons for denying Crowther's motion to reopen for suspension of deportation.
 
 C. Weighing of Equities
 
 15
 Crowther argues that the BIA abused its discretion by granting less weight to Crowther's marriage and attachment to his son and by considering Crowther's visa overstay in the balancing of equities.
 
 
 16
 The BIA's discounting of Crowther's post-deportation equities is proper. Equities acquired after the initiation of deportation proceedings are entitled to less weight than they would otherwise demand. Wang, 622 F.2d at 1346. As the BIA indicated in its decision, all of Crowther's positive equities were acquired during the pendency of the deportation proceedings or subsequent to his deportation order. Crowther married his wife, a United States citizen, during the pendency of his deportation proceedings. Crowther's son was born after he was ordered deported. An alien "illegally present in the United States cannot gain a favored status by the birth of a citizen child." Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986). Thus, the BIA's weighing of Crowther's equities was proper.
 
 
 17
 Crowther also argues that the BIA gave undue emphasis to his visa overstay in balancing his equities. This is a mischaracterization of the record. In both its 1993 and 1994 decisions, the BIA mentioned Crowther's overstay in the context of the procedural history of the case. There is no evidence that the BIA placed heavy weight on the overstay; rather, the BIA focused on Crowther's "history of disrespect for the immigration laws of the United States" which included enrolling in a public university, misrepresenting his citizenship status in order to obtain a student loan, and engaging in abusive conduct during his deportation proceedings. The consideration of an alien's overstay is proper if it is in the context of other immigration violations. Israel v. INS, 785 F.2d 738, 741 n. 6 (9th Cir.1986). Because the overstay was only a factor in the BIA's decision, it did not abuse its discretion in considering it.
 
 D. Abuse of the Immigration Process
 
 18
 Crowther also challenges the BIA's finding that his equities may be disregarded completely because they were acquired through the successive filing of frivolous appeals. We need not address the merits of this issue because, as noted above, the BIA did consider the new information and equities Crowther presented in its denial of his motion to reopen.
 
 
 19
 We are, however, troubled by the BIA's misreading and misapplication of the precedent in this case. First, the BIA's reliance on Rios-Pineda is misplaced. Although the Rios-Pineda Court held that the BIA may completely disregard equities if the alien has filed frivolous appeals in order to delay deportation, 471 U.S. at 449, that holding applied to situations in which the alien merely accrues the requisite seven years' presence during the appeals process. See Gonzales Batton v. INS, 791 F.2d 681 (9th Cir.1986) (interpreting Rios-Pineda as holding that the BIA may deny relief when aliens have acquired the required seven years presence by filing meritless appeals). Crowther, on the other hand, acquired equities which are relevant to the issue of extreme hardship. Although both elements--the seven years' presence and the "extreme hardship"--are prerequisites for relief under 8 U.S.C. Sec. 1254(a)(1), a marriage and child are factors which influence a determination of the extreme hardship requirement, whereas the period of seven years defines the residency requirement.
 
 
 20
 Second, even if the BIA's extension of the Rios-Pineda holding to Crowther's case were permissible, it is not clear that all of Crowther's motions and appeals were frivolous. Crowther filed his first motion to reopen to redress the BIA's misreading of the district court decision which reduced his sentence and thereby invalidated one of the BIA's grounds for deportation. This first motion to reopen was granted in part by the BIA in 1987 and, therefore, was meritorious. Again, in the 1987 decision, the BIA erred by concluding that Crowther failed to attach his application for adjustment of status. As a result, in its 1988 decision, the BIA treated the first motion as continuing and granted Crowther's motion to reopen for consideration of his application for adjustment of status, writing that "we find a prima facie eligibility for adjustment of status has been established...." Again, because this motion prevailed, it is not frivolous. Crowther then appealed the Immigration Judge's discretionary denial of his application for adjustment of status. This situation is clearly different from that in Rios-Pineda, in which the petitioners had not even satisfied the legal prerequisites for their motion. 471 U.S. at 447. After five years, the BIA concluded in 1993 that Crowther did not merit a favorable exercise of discretion and denied his application for adjustment of status. Crowther filed the instant motion to reopen for suspension of deportation on the grounds that he has established prima facie evidence for relief and has introduced previously unavailable information. Again, this situation is different from that in Rios-Pineda in which the petitioners had not established a prima facie case. Id. From careful scrutiny of the record, it is not clear that all, or in fact, any, of Crowther's motions and appeals were frivolous. Nonetheless, we affirm on the grounds that the BIA did not fail to articulate its reasons for its denial of Crowther's motion to reopen the deportation proceedings, and thus find that the BIA did not abuse its discretion.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3