Justice Scalia,
with whom Justice Thomas joins, concurring in part and concurring in the judgment.
Private suits under § 10(b) of the Securities Exchange Act of 1934, 15 U. S. C. § 78j(b), must be brought within “(1) 2 years after the discovery of the facts constituting the violation” or “(2) 5 years after such violation,” whichever comes first. 28 U. S. C. § 1658(b)(1). I agree with the Court that scienter is among the “facts constituting the violation” that a plaintiff must “discove[r]” for the limitations period to begin. Ante, at 648-649 (internal quotation marks omitted). I also agree that respondents’ suit is timely, but for a reason different from the Court’s: Merck has not shown that respondents actually “disco ver [ed]” scienter more than two years before bringing suit.
In ordinary usage, “discovery” occurs when one actually learns something new. See Webster’s New International Dictionary of the English Language 745 (2d ed. 1957) (defining “discovery” as “[fjinding out or ascertaining something previously unknown or unrecognized”). As the Court *656 notes, however, ante, at 644-646, in the context of statutes of limitations “discovery” has long carried an additional meaning: It also occurs when a plaintiff, exercising reasonable diligence, should have discovered the facts giving rise to his claim. See, e. g., Wood v. Carpenter, 101 U. S. 135, 140-142 (1879); 2 H. Wood, Limitations of Actions § 276b(11)-(13), pp. 1401-1408 (4th ed. 1916); Dawson, Undiscovered Fraud and Statutes of Limitation, 31 Mich. L. Rev. 591, 619, and n. 77 (1933). Read in isolation, “discovery” in § 1658(b)(1) might mean constructive discovery.
In context, however, I do not believe it can. Section 13 of the Securities Act of 1933, 48 Stat. 84, explicitly established a constructive-discovery rule for claims under §§ 11 and 12 of that Act:
“No action shall be maintained to enforce any liability created under section 77k or 771(a)(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence .. . .” 15 U. S. C. §77m.
“[B]iscovery” in §77m obviously cannot mean constructive discovery, since that would render superfluous the phrase “or after such discovery should have been made by the exercise of reasonable diligence.” Ibid. With § 77m already on the books, Congress added limitations periods in the 1934 Act, 15 U. S. C. §§ 78i(e), 78r(c), that did not contain similar qualifying language; instead, each established a time bar that runs from “discovery” simpliciter. When Congress enacted 28 U. S. C. § 1658(b)(1) in 2002, establishing a limitations period for private actions for “fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws,” specifically including the 1933 and 1934 Acts, see 15 U. S. C. § 78c(a)(47), it likewise included no constructive-discovery caveat. To interpret § 1658(b)(1) as imposing a constructive-discovery standard, *657 one must therefore assume, contrary to common sense, that the same word means two very different things in the same statutory context of limitations periods for securities-fraud actions under the 1933 and 1934 Acts.
True, the sensible presumption that a word means the same thing when it appears more than once in the same statutory context — or even in the very same statute — is rebut-table. See General Dynamics Land Systems, Inc. v. Cline, 540 U. S. 581, 595-596 (2004). Context may make clear that in one instance the word carries one meaning, and in a second instance another. See, e. g., id., at 596-597. But nothing in the context of § 77m or § 1658(b)(1) suggests that is the case. Both provisions impose limitations periods for federal-law claims based on various false statements or omissions involving securities. The former applies to false statements or omissions in registration statements, §77k, and offers to sell securities, § 772(a)(2); the broad language of the latter (“claimfs] of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws”) covers other “manipulative or deceptive device[s] or contrivance[s]” made “in connection with the purchase or sale” of a security in violation of Securities and Exchange Commission regulations, § 78j(b), including SEC Rule 10b-5,17 CFR § 240.10b-5(b) (2009). There is good reason, moreover, for providing an actual-discovery rule for private § 10(b) claims but providing (explicitly) a constructive-discovery rule for claims governed by § 77m: The elements of § 10(b) claims, which include scienter, are likely more difficult to discover than the elements of claims under § 77k or § 772(a)(2), which do not, see Herman & MacLean v. Huddleston, 459 U. S. 375, 382 (1983); Ernst & Ernst v. Hochfelder, 425 U. S. 185, 208-209 (1976); In re Morgan Stanley Information Fund Securities Litigation, 592 F. 3d 347, 359 (CA2 2010). And a constructive-discovery standard may be easier to apply to the claims covered by § 77m. Determining when the plaintiff should have uncovered an untrue assertion in a *658 registration statement or prospectus is much simpler than assessing when a plaintiff should have learned that the defendant deliberately misled him using a deceptive device covered by § 10(b).[1]
Unable to identify anything in the statutory context that warrants giving “discovery” two meanings, the Court relies on the historical treatment of “discovery” in limitations periods (particularly for fraud claims) as incorporating a constructive-discovery rule. Ante, at 644-646, 648. But that history proves only that “discovery” can carry that technical meaning, and that without § 77m it would be reasonable (other things equal) to read it that way here. It does not show what “discovery” means in § 1658(b)(1) in light of § 77m’s codification of a constructive-discovery rule. In my view, the meaning of “discovery” in the broader context of limitations provisions is overcome by its meaning in the more specific context of the federal securities laws.
The Court’s other reason for rejecting the more natural reading of § 1658(b)(1) rests on a consensus among the Courts of Appeals before the provision’s enactment. Ante, at 646-648. In Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U. S. 350 (1991), the Court notes, we explicitly adopted the terms of § 78i(e) — which like § 1658(b)(1) refers only to discovery with no mention of reasonable diligence— *659 as the limitations period for the private § 10(b) cause of action we created. Id., at 364, and n. 9.[2] Since every Circuit to address the issue between Lampf and § 1658(b)(l)’s enactment 11 years later had held constructive discovery applicable to § 10(b) claims — and since Congress copied §78i(e)’s key text into § 1658(b)(1) with no indication it intended to adopt a contrary rule — the Court assumes Congress meant to codify (or at least not to disturb) that consensus. Ante, at 646-648.
Even assuming that Congress intended to incorporate the Circuits’ views — which requires the further unrealistic assumption that a majority of each House knew of and agreed with the Courts of Appeals’ opinions — that would be entirely irrelevant. Congress’s collective intent (if such a thing even exists) cannot trump the text it enacts, and in any event we have no reliable way to ascertain that intent apart from reading the text. See Graham County Soil and Water Conservation Dist. v. United States ex rel. Wilson, ante, p. 302 (Scalia, J., concurring in part and concurring in judgment).
The only way in which the Circuits’ pre-2002 decisions might bear on § 1658(b)(l)’s meaning is if all (or nearly all) of the Circuits had interpreted “discovery” in § 78i(e) to mean constructive discovery. If that were true, one could say that those decisions had established the public meaning of the term in this context — whether Congress knew of (or agreed with) that meaning or not. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L. P. A., ante, at 607, n. 1 (Scalia, J., concurring in part and concurring in judgment).
*660 But as amici note, that is not so. See Brief for Faculty at Law and Business Schools as Amici Curiae 23-29 (hereinafter Faculty Brief). Some Circuit cases cited by the Court and amici can conceivably be read as interpreting the language Lampf adopted from §78i(e) as imposing some form of constructive discovery. See Theoharous v. Fong, 256 F. 3d 1219, 1228 (CA11 2001); Menowitz v. Brown, 991 F. 2d 36, 41 (CA2 1993) (per curiam); Howard v. Haddad, 962 F. 2d 328, 329-330 (CA4 1992); Anixter v. Home-Stake Production Co., 947 F. 2d 897, 898-899 (CA10 1991), vacated on other grounds, 503 U. S. 978 (1992). Others, however, cannot be so construed. Two were not interpreting § 78i(e) at all, but looked directly to §77m, despite Lampfs explicit selection of § 78i(e)’s terms. Great Rivers Cooperative of Southeastern Iowa v. Farmland Industries, Inc., 120 F. 3d 893, 896 (CA8 1997); Topalian v. Ehrman, 954 F. 2d 1125, 1135 (CA5 1992). Another court candidly acknowledged that § 78i(e)’s text — unlike §77m’s — forecloses constructive discovery, but it nonetheless held that courts remain “free to apply to [§78i(e)] the judge-made doctrine of inquiry notice” as a “modest and traditional . . . exercise of judicial creativity,” since “Congress could not have known when it enacted [§ 78i(e)] that this section would someday provide the statute of limitations for a wide range of securities frauds.” Tregenza v. Great American Communications Co., 12 F. 3d 717, 721-722 (CA7 1993) (Posner, J.).
The rest of the Circuits apparently had not decided the issue before § 1658(b)(l)’s enactment. See Betz v. Trainer Wortham & Co., 519 F. 3d 863, 874 (CA9 2008); New England Health Care Employees Pension Fund v. Ernst & Young, LLP, 336 F. 3d 495, 500-501, and n. 3 (CA6 2003); In re NAHC, Inc. Securities Litigation, 306 F. 3d 1314, 1325 (CA3 2002); see also Cooperativa de Ahorro y Credito Aguada v. Kidder, Peabody & Co., 129 F. 3d 222, 224 (CA1 1997) (applying pre-Lampf rule under 15 U. S. C. § 78aa-l). And of those that were undecided, two had cast doubt on a *661 constructive-discovery view in dicta — of which the omniscient Congress of the Court’s imagining should also have been aware. See Berry v. Valence Technology, Inc., 175 F. 3d 699, 703-705 (CA9 1999); Gruber v. Price Waterhouse, 911 F. 2d 960, 964, n. 4 (CA3 1990).
This motley assortment of approaches comes nowhere near establishing that the word “discovery” in § 78i(e) meant constructive rather than actual discovery despite §77m. Absent any textual or contextual reason to read “discovery” differently in § 1658(b)(1) and § 77m, I would hold that only actual discovery suffices to start the limitations period for § 10(b) elaims. Since Merck points to no evidence showing respondents actually discovered scienter more than two years before bringing this suit, I agree with the Court that the suit was not time barred.
Respondents suggested at oral argument, Tr. of Oral Arg. 29, and their amici imply, see Faculty Brief 33-34, that in fraud-on-the-market cases there is little if any difference between actual and constructive discovery because of the presumption of reliance applicable in such cases, see Basic Inc. v. Levinson, 485 U. S. 224, 247 (1988). It seems to me Basic has no bearing on the question discussed here. A presumption of reliance upon market-price signals is not a presumption of knowledge of all public information, much less knowledge of nonpublic information that a reasonably diligent investor would have independently uncovered. In any event, whether or not a constructive-discovery standard will in many cases yield the same result, actual discovery is what § 1658(b)(1) requires to start the limitations period.

 The Court appears to believe that § 77m’s distinction between actual and constructive discovery has no bearing on § 1658(b)(l)’s meaning because the latter does not itself draw the same distinction. Ante, at 647. The point, however, is that both provisions use the same word (“discovery”) with no contextual clue that it carries different meanings; and its use in § 77m makes clear that the meaning is actual discovery.
The Court suggests that usages of the same word in other statutes are irrelevant, ibid., but of course it does not believe that. Its entire argument rests on the meaning courts have ascribed to “discovery” in other limitations provisions (some enacted decades ago by state legislatures), ante, at 644-646. Yet while the Court considers that broader context, it provides no explanation for ignoring the more specific context of securities-fraud claims under the 1933 and 1934 Acts.

 The Court notes that Lampf chose §78i(e)’s limitations period as the time bar for § 10(b) claims, even though it was aware of § 77m, 501 U. S., at 360, and n. 7, 364, and n. 9; see ante, at 646. But I fail to see how that provides any support for the Court’s interpretation. To the contrary, the fact that in enacting § 1658(b)(1) Congress did not copy §77m’s constructive-discovery proviso — but decreed instead that “discovery” alone starts the clock (as it had done in §78i(e), which we borrowed in Lampf) — is what makes equating § 77m and § 1658(b)(1) so implausible.