11-3797-cv
McElroy v. Eli Lilly & Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of September, two thousand twelve.

PRESENT:   REENA RAGGI,
           DEBRA ANN LIVINGSTON,
           RAYMOND J. LOHIER, JR.,
                   *Circuit Judges*.

------------------------------------------------------------------------
ARTHUR McELROY,

                    *Plaintiff-Appellant*,


           v.                                              No.  11-3797-cv


ELI LILLY & COMPANY,
                    *Defendant-Appellee*,

JANSSEN PHARMACEUTICA, INC., JANSSEN
PHARMACEUTICA N.V.,
                    *Defendants*.[*]
------------------------------------------------------------------------
FOR APPELLANT:         Arthur McElroy, *pro se*, Lincoln, Nebraska.

---

[*] The Clerk of Court is directed to amend the official caption to read as shown above.

FOR APPELLEE:          Nina M. Gussack, Eric Rothschild, Pepper Hamilton LLP, Philadelphia, Pennsylvania.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 29, 2011, is AFFIRMED.

Plaintiff Arthur McElroy appeals pro se from an award of summary judgment in favor of defendant Eli Lilly & Co. in this diversity action seeking compensation for personal injuries allegedly caused by Zyprexa, an antipsychotic medication manufactured by Eli Lilly. We review such a judgment de novo, "resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." Burg v. Gosselin, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

McElroy, who was first prescribed Zyprexa for his schizophrenia in December 2000 and continues to use the drug to this day, claims that Zyprexa exacerbated his diabetes, which ultimately led to his cataracts and end-stage renal disease. He asserts that he would not have taken the drug if Eli Lilly had adequately warned him of its dangers. McElroy argues that the district court erred in applying the learned intermediary doctrine and the applicable Nebraska statute of limitations in granting Eli Lilly summary judgment. We disagree.

2

To prevail on a failure-to-warn claim under Nebraska law,[1] a plaintiff must prove, inter alia, that the defendant's breach of its duty to warn caused plaintiff's injury—in short, that the complained-of harm would not have occurred but for that breach. See Stahlecker v. Ford Motor Co., 266 Neb. 601, 609–10 (2003). Conversely, a plaintiff cannot demonstrate such causation if his injury would have occurred even with an adequate warning. See id.

In products liability cases involving prescription drugs, these causation principles are informed by Nebraska's application of the learned intermediary doctrine, which provides that a prescription drug manufacturer's "duty to warn extends only to members of the medical profession and not to the consumer." Freeman v. Hoffman-La Roche, Inc., 260 Neb. 552, 570 (2000) (adopting Restatement (Third) of Torts: Products Liability § 6(d) (1997) "as the applicable test for determining whether a manufacturer may be liable for a warning defect in prescription drug cases").

Upon de novo review, we conclude that McElroy failed to demonstrate the existence of any genuine dispute as to any material fact on the question of causation because he adduced no evidence permitting an inference that his treating psychiatrists would have altered their prescription decisions if Eli Lilly had provided different warnings. Indeed, each of McElroy's treating psychiatrists continued to prescribe him Zyprexa after March 1, 2004,

---

[1] The parties do not dispute that Nebraska law governs this action, which arises from events occurring in Nebraska and was transferred to the Eastern District of New York pursuant to an order of the Judicial Panel on Multidistrict Litigation. See Menowitz v. Brown, 991 F.2d 36, 40 (2d Cir. 1993) (recognizing that transferee court applies substantive state law of jurisdiction in which action was filed).

3

the date on which Eli Lilly sent a "Dear Doctor" letter to the medical community warning of the risks associated with the drug.

Although McElroy argues that summary judgment was inappropriate because his first psychiatrist, Dr. Martin, died without providing testimony as to his knowledge of Zyprexa's risks, McElroy points to no evidence that would permit a reasonable factfinder to infer that Dr. Martin remained unaware of the risks after the 2004 letter, or that he would have made a different prescription decision. To the contrary, Dr. Martin's continued prescription of Zyprexa for more than two years after the medical community knew or should have known about the drug's risks indicates that his prescribing decision was not affected by those risks. This conclusion is only reinforced by the fact that McElroy's current psychiatrist testified that he was fully aware of the diabetes-related risks associated with Zyprexa but nonetheless continued to prescribe the drug to McElroy and had even increased the dosage. On this record, the district court correctly awarded summary judgment to Eli Lilly.

Because we affirm the district court's holding for the reasons stated above, there is no need for us to reach the court's alternative holding that McElroy's claims were time-barred under Nebraska's statute of limitations.

We have considered McElroy's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court